IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALFRED HICKS

VS.                                                                  CIVIL ACTION NO. 1:13cv507 KS-MTP

RONALD KING, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Plaintiff's Complaint filed pursuant to 42 U.S.C. §1983 [1]. Being considered at this time is the Report and Recommendation [40] of Magistrate Judge Michael T. Parker and Objection thereto [42] filed by Alfred Hicks. The Court has considered same, as well as the record in this case and finds as follows:

1. PROCEDURAL HISTORY

This lawsuit arises from events which took place while the Plaintiff was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, where Plaintiff was formerly housed. Plaintiff alleges that in April, 2012, he was playing cards with fellow inmates James Bias, Raymond Mertle, and Fred Esco when an altercation broke out among the men. Plaintiff alleges that Inmate Mertle hit Inmate Esco. However, on April 6, 2012, Defendant Austin Williams delivered a Rules Violation Report ("RVR") to Plaintiff charging Plaintiff with striking Inmate Esco. (Complaint [1], Page 4.) Plaintiff alleges that Defendant Williams failed to properly investigate the alleged rule violation as required by Mississippi Department of Corrections ("MDOC") policy. (Omnibus Order [28], Pages 1-2.)

On or about April 8, 2012, Defendant Debra Platt presided over Plaintiff's disciplinary

hearing for the RVR and found Plaintiff guilty. (Complaint [1], Page 8.) Plaintiff alleges that he asked to call witnesses for his defense, but was not allowed to do so. (Omnibus Order [28], Page 2.) According to Plaintiff, Defendant Platt recommended that Plaintiff's custody level be reviewed. Defendant Penny Bufkin performed the review and determined that Plaintiff's custody level should be changed to Security Threat Group ("STG"). (Response [32], Page 1.) Allegedly, Defendant Doris McDonald reviewed and approved Plaintiff's custody level modification. (Omnibus Order [28], Page 2.)

On or about May 1, 2012, Plaintiff was removed from general population, was placed in Administrative Segregation pending the results of his reevaluation, and received a notice that Defendant Ron King had "signed off" on the reevaluation. (Complaint [1], Page 5.) On or about June 8, 2012, Plaintiff was placed in Long Term Administrative Segregation ("LTAS") because of his STG classification. (Complaint [1], Pages 5-6.) According to Plaintiff, he refused to sign the paperwork for the reclassification, but Defendant Johnnie Denmark signed and approved the paperwork. (Complaint [1], Page 6.) Plaintiff was in LTAS for eleven months. (Omnibus Order [28], Page 3.)

On or about July 13, 2012, while Plaintiff remained in LTAS, Defendant Quitman Williams allegedly served Plaintiff with an RVR for possessing a cell phone. (Complaint [1], Page 6.) Plaintiff alleges that Defendant Williams did not properly investigate the charges alleged in the RVR. (Omnibus Order [28], Page 3.) On or about July 20, 2012, Defendant Platt again presided over Plaintiff's disciplinary hearing, Plaintiff alleges that he was not allowed to call witnesses for his defense, and Plaintiff was found guilty. (Complaint [1], Page 6.) As a result, Plaintiff lost his privileges for sixty days. (Omnibus Order [28], Page 3.)

Plaintiff denied the charges asserted in the RVRs at each hearing. (Complaint [1], Page 6.) Plaintiff filed an Administrative Remedy Program ("ARP") grievance, and Defendant Denmark reviewed and denied Plaintiff's request for relief. (Omnibus Order [28], Page 3.) Plaintiff also alleges that he wrote letters to Defendant King and that he failed to properly respond to Plaintiff's complaints. (Omnibus Order [28], Page 3.)

Plaintiff claims that Defendants violated his right to due process and equal protection by issuing the RVRs, failing to investigate the allegations in the RVRs, failing to call Plaintiff's witnesses, failing to respond properly to his ARPs, and placing Plaintiff in a more restrictive custody level. (Omnibus Order [28], Page 4.)

Plaintiff seeks to have the RVRs expunged, to be taken out of the STG classification, and to have his status changed back to pre-RVR level. Plaintiff does not seek monetary damages. (Omnibus Order [28], Page 4.)

Defendants have moved for summary judgment, primarily on immunity grounds. Plaintiff did not respond to the motion, though he was given an additional opportunity to do so. *See* Order [38]. Defendant did file a recent Motion [39], and the Court has considered that motion in preparing this report and recommendation.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will

examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In the Objections the petitioner argues that the defendants are not entitled to qualified immunity. However, in this instance the Report and Recommendation recommends that the Complaint be dismissed on the basis that it fails to state a claim. Qualified immunity is not the reason that the Magistrate Judge recommended that the Complaint be dismissed. This Court makes no determination on the issue of qualified immunity at this time.

The objections turn primarily on the due process and equal protection claims. A person in custody is not entitled to relief under 1983 unless there is a violation of a the Constitution or the laws of the United States. Plaintiff has at all times been incarcerated and his complaint is that his level of custody was changed to be more restrictive. There is no liberty or property interest at issue when there is only a change in custody level. There is not a Constitutional violation set forth when the Complaint revolves around his confinement and long-term administrative segregation. The quantity of his time has not been affected by the actions alleged against the defendants herein.

Likewise there is not a Constitutional right to a grievance procedure as set forth in the Complaint. Plaintiff cites a state statute granting the right to an administrative hearing and

grievance procedure. However, this is not a Constitutional right and as a result plaintiff fails to state a due process violation.

As to the equal protection claims, plaintiff must set forth grounds establishing that he is a member of a class that is entitled to protection and he must establish how he was not granted equal protection. He has made no effort to do this and as a result fails to establish an equal protection claim and therefore defendants are entitled to dismissal.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Hicks' objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Alfred Hicks' claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 22nd day of July, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE